292 F.2d 762
 110 U.S.App.D.C. 269
 RICHARD F. LEWIS, JR., INC., OF WAYNESBORO and The Monocacy
Broadcasting Company, Appellants,
v.
FEDERAL COMMUNICATIONS COMMISSION, Appellee, Musical
Heights, Inc., Intervenor.
 No. 15936.
 United States Court of Appeals District of Columbia Circuit.
 ArguedApril 14, 1961.
Decided June 1, 1961.
 
 Mr. Eliot C. Lovett, Washington, D. C., with whom Mr. John P. Southmayd, Washington, D.C., was on the brief, for appellants.
 Mr. James T. Brennan, Jr., Counsel, F. C. C., with whom Mr. Max D. Paglin, General Counsel, F. C. C., and Mrs. Ruth V. Reel, Counsel, F. C. C., were on the brief, for appellee. Mr. Edward W. Hautanen, Counsel, F. C. C., also entered an appearance for appellee.
 Mr. Harry J. Daly, Washington, D. C., with whom Mrs. Lenore G. Ehrig and Mr. Leonard S. Joyce, Washington, D.C., were on the brief, for intervenor.
 Before PRETTYMAN, BAZELON and WASHINGTON, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a radio broadcasting case. The Federal Communications Commission granted an application by Musical Heights, Inc., for a construction permit to build a new standard station in Braddock Heights, Maryland. An appeal from the grant was taken by Richard F. Lewis, Jr., Inc., of Waynesboro, operator of radio station WAYZ, and by the Monocacy Broadcasting Company, operator of radio station WFMD. Both appellants claimed the grant would have an adverse effect upon the operations of their stations, which are located respectively in Waynesboro, Pennsylvania, and Frederick, Maryland. The Commission ruled against appellants' contentions. It held, among other things, that 'the overall need for the proposed service is greater than the need for the existing service to be lost,' on the part of WAYZ and its listeners.[1] We find no reason to disturb this conclusion. We have considered all the contentions made by appellants, and find them unpersuasive.[2] The order of the Commission will be
 
 
 2
 Affirmed.
 
 
 
 [1]
 Cf. Democrat Printing Co. v. Federal Communications Commission, 91 U.S.App.D.C. 72, 202 F.2d 298 (1952), in which we reversed an award of a radio construction permit where the Commission failed to weigh the public need for the existing service which would be lost because of interference from the new station
 
 
 [2]
 One of the issues argued to us was whether Braddock Hights was a 'city, town, or other political subdivision' within in the meaning of Section 3.30 of the Commission's Rules, 47 C.F.R. 3.30. But appellants' petition to the commission to add this issue to the case was denied by the Commission was untimely, coming as it did a year after notice of designation of issues had been published in the Federal Register, and in fact after the hearing had been closed. The Commission found that there had been a failure to show good cause for the late filing, and that the facts alleged in the petition were not of sufficient importance to warrant the reopening of the record. We think the Commission's action in this regard was not improper